JAMES S. MCNEILL (SBN 201663)
MEGAN M. DUMA (SBN 253331)
MCKENNA LONG & ALDRIDGE LLP
750 B Street, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-5400
Facsimile: (619) 595-5450
E-mail: jmcneill@mckennalong.com
E-mail: mduma@mckennalong.com

Attorneys for Defendant
D-WAVE SYSTEMS INC. dba D-WAVE
SYSTEMS INTERNATIONAL, INC.

*ORDER E-FILED 10-15-2009*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| HERBERT J. MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>D-WAVE SYSTEMS INC. dba D-WAVE SYSTEMS INTERNATIONAL, INC.; and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO. C 09-03602 RMW (HRL)<br><br>**PROTECTIVE ORDER RELATED TO SENSITIVE D-WAVE BUSINESS INFORMATION DISCOVERABLE FOR HEARING ON LACK OF PERSONAL JURISDICTION AND FORUM NON-CONVENIENS**<br><br>Judge: Hon. Ronald M. Whyte<br>Dept: Courtroom 6, 4th Floor<br>Complaint Filed: May 19, 2009<br>Trial Date: None Set<br><br>**(MODIFIED BY THE COURT)** |

Plaintiff Herbert J. Martin ("Plaintiff") and Defendant D-Wave Systems Inc. d/b/a D-Wave Systems International, Inc. ("Defendant" and/ or "D-Wave"), through their Counsel, stipulate as follows:

WHEREAS, certain information to be produced in this action may incorporate sensitive trade secret information, subject to protection under federal law; and

WHEREAS, counsel for the parties to this action have expressed their desire to enhance the flow of discovery material and to facilitate the prompt resolution of disputes over privileged and otherwise confidential information;

IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiff and Defendant that the following protective order be entered into in this action:

1. APPLICABILITY OF PROTECTIVE ORDER:

This Order shall be applicable to govern all depositions, documents, information or other things produced by a party or third party in connection with this litigation in response to request for production of documents, answers to interrogatories, responses to request for admission, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information that the Producing Party designates as "SUBJECT TO PROTECTIVE ORDER" (or a reasonably similar designation) furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action.

2. DEFINITIONS

2.1 Parties.

2.1.1 Party. "Party" means any of the parties in the action presently pending in the Northern District of California—San Jose Division case number C 09-03602 RMW (HRL) (the "Litigation"). The parties include Plaintiff Herbert J. Martin and Defendant D-Wave.

2.1.2 Producing Party. "Producing Party" means a party to this Litigation, or any third party, that produces or otherwise makes available Information.

2.1.3 Receiving Party. "Receiving Party" means a party to this Litigation that receives Information.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 1 -
PROTECTIVE ORDER

C 09-03602 HRL

2.1.4 <u>Designating Party</u>. "Designating Party" means a party to this Litigation, or any third party, that asserts that it or any other Party or non-party produced any Information that should be designated as Protected Material.

2.2 <u>Information</u>. "Information" means any document, electronic and magnetic media, tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof.

2.3 <u>Protected Material</u>. "Protected Material" means any Information that is designated as confidential pursuant to Paragraph 3 below, in accordance with the designation procedures set forth in Paragraph 4 below, and any copies, abstracts, summaries, or information derived from this designated Information, and any notes or other records regarding the contents of this designated Information.

3. <u>PROTECTED MATERIAL—Two-Tier Designations</u>

3.1 <u>Confidential Business Information</u>. Any Party or non-party may designate as "SUBJECT TO PROTECTIVE ORDER" any Information that the Party or non-party considers in good faith to be confidential or sensitive information including, but not limited to, trade secrets, research, design, development, financial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7).

3.2 <u>Attorney's Eyes Only</u>. Any Party or non-party may further designate as "ATTORNEY'S EYES ONLY" certain sensitive information, including trade secrets, research, design, development, financial information, and other confidential information which may be relevant to the jurisdictional inquiry, but not necessary for Plaintiff, as D-Wave's former Chief Executive Officer, or any third parties to view or have access to.

4. <u>DESIGNATION OF PROTECTED MATERIALS</u>

4.1 A Party or non-party producing Information may designate the Information as Protected Material by so indicating in the relevant discovery responses or on the record at a deposition or pursuant to paragraph 9 below and requesting the preparation of a separate transcript of the material. Protected Material must be clearly and prominently marked on its face with a legend stating "SUBJECT TO PROTECTIVE ORDER" and/or "ATTORNEY'S EYES

ONLY" as the Protected Material necessitates. Each page of a document containing or constituting Protected Material must be marked with an appropriate designation. Transcript pages containing or constituting Protected Material must be separately bound by the court reporter and marked with the appropriate confidentiality notice on each page.

    4.2    Any Party or non-party may designate Information produced by anyone else that contains or is derived from that Party or non-party's own Protected Material. Each Party or non-party that designates Information will be treated as the Designating Party for purposes of this Order.

5.     ACCESS TO PROTECTED MATERIAL – GENERALLY

    5.1    "SUBJECT TO PROTECTIVE ORDER" Designation. Except with the prior written consent of the affected Designating Parties, or an order of the Court, Protected Material designated by the term "SUBJECT TO PROTECTIVE ORDER" must not be disclosed to any person other than:

        5.1.1    the Court and Court personnel;

        5.1.2    the court reporter and videographer (if any) present at any hearing, deposition, or trial;

        5.1.3    counsel for a Receiving Party and the employees of counsel whose review of such Information is required to conduct the Litigation;

        5.1.4    employees of a Receiving Party whose review of such Information is required to conduct the Litigation;

        5.1.5    persons who authored, prepared, or received the Information in a context outside this Litigation;

        5.1.6    Percipient witnesses in this litigation who have complied with the requirements of Paragraph 6.

    5.2    "ATTORNEY'S EYES ONLY" Designation. Except with the prior written consent of the affected Designating Parties, or an order of the Court, Protected Material designated by the term "ATTORNEY'S EYES ONLY" must not be disclosed to any person other than:

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

  5.2.1 the Court and Court personnel;

  5.2.2 the court reporter and videographer (if any) present at any hearing, deposition, or trial;

  5.2.3 counsel for a Receiving Party;

  5.2.4 persons who authored, prepared, or received the Information in a context outside this Litigation;

Persons receiving Protected Material must not reveal or discuss that Information to or with any person who is not entitled to receive the Protected Material, except as set forth in this Order.

## 6. ACCESS TO PROTECTED MATERIAL—PERCIPIENT WITNESSES

  6.1 All percipient witnesses, including Parties or present employees of a Party, may be examined and may testify concerning: (i) any Protected Material produced by that Party; (ii) any document containing Protected Material that clearly appears on its face or from other documents or testimony to have been prepared by, received by, or communicated to the witness in a context outside this Litigation, or as to which it appears highly likely on the face of the document that the only confidential, proprietary, or competitively sensitive information contained in the document is information already personally known to that witness; and (iii) any other document containing Protected Material, provided that the Party intending to examine the witness concerning such document(s) gives the affected Designating Parties five (5) days prior written notice specifically identifying the document(s), and either there is no objection or the Court otherwise orders that the witness may be examined and may testify concerning the document(s). For any percipient witness to review or discuss any document designated "ATTORNEY'S EYES ONLY," the percipient witness must have authored, received, or prepared the information in accordance with Paragraph 5.2.4.

  6.2 Any transcript discussing or containing Protected Material must be designated as Protected Material within thirty (30) days of receipt of the transcript by the Producing Party. If there is no designation, then the transcript will not be Protected Material. The Producing Party

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

must notify all Parties and provide them, and non-parties, an opportunity to designate the transcript as Protected Material following the process described in Paragraph 4.

7. ACCESS TO PROTECTED MATERIAL—INDEPENDENT EXPERT WITNESSES

Protected Material (from whatever source) may be disclosed to an Independent Expert only if he or she has agreed in writing by executing the Confidentiality Agreement attached as Appendix A, or on the record during a deposition, to be bound by this Protective Order. Counsel must provide ten (10) days written notice to all Parties and any affected Designating Party before any Protected Material can be disclosed to any Independent Expert. The notice must identify the Independent Expert and provide a copy of the expert's current resume, supplemented if necessary to provide a brief description of the expert's business, qualifications, and past and present affiliations. This notice is not the same as or a substitute for expert disclosure under FRCP 26(a). The Parties and any affected Designating Party will have ten (10) days from receipt of the notice to deliver to the notifying Party their good faith written objections to the Independent Expert. Absent timely objection, Protected Materials may be disclosed to the Independent Expert. If a Party raises a timely objection, then the Protected Materials must not be disclosed to the Independent Expert until resolution of the issue by order of the Court or the written agreement of the affected Parties. **The party opposing disclosure bears the burden of proving that the risk of harm the disclosure would entail (under any proposed safeguards) outweighs the Receiving Party's need to disclose the material to its expert.**

8. ACKNOWLEDGMENT OF PROTECTIVE ORDER

Except for persons identified in paragraphs 5.1, 5.1.1, 5.1.2, and 5.1.3, every person who inspects or has access to Protected Material must execute the Confidentiality Agreement attached to this Order in Appendix A and thereby agree to be bound by its provisions. The Confidentiality Agreements must be retained by counsel to the party that disclosed the Protected Material during the pendency of the action and for a period of five years after the conclusion of the action as defined in paragraph 17 below. The Confidentiality Agreements need not be disclosed to opposing counsel, but opposing counsel may apply to the Court for an order compelling disclosure on a showing of good cause.

9. USE OF PROTECTED MATERIALS: MOTION PRACTICE AND LITIGATION

9.1 **Deposition Proceedings.** In the case of depositions, designation of the portion of the transcript (including exhibits) that contains "SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition; or upon review of such transcript, by counsel for the party to whose "SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" the deponent has had access, said counsel designating within thirty (30) calendar days after counsel's receipt of the final transcript, and listing on a separate piece of paper the numbers of the pages of the transcript containing "SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY," inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "SUBJECT TO PROTECTIVE ORDER," unless counsel during the deposition states that the information is "ATTORNEYS' EYES ONLY." If no designation is made within thirty (30) days after receipt of the final transcript, the transcript shall be considered not to contain any information "SUBJECT TO PROTECTIVE ORDER" other than those portions designated on the record during the deposition, if any.

9.2 **Non-paper Media.** Any Protected Materials produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-paper media, such party must stamp each page "SUBJECT TO PROTECTIVE ORDER" and/or "ATTORNEYS' EYES ONLY," and the hard copy, transcription or printout shall be treated as it is designated.

9.3 **Filing Under Seal.** No documents or materials shall be filed under seal with the Court, including, without limitation, discovery materials, answers to interrogatories, expert reports, deposition transcripts, trial exhibits, demonstrative exhibits, trial transcripts, pleadings, briefs, and memoranda that comprise or contain Protected Materials without complying with all applicable rules of this Court. The party desiring to place any Protected Materials before the

- 6 -
PROTECTIVE ORDER
C 09-03602 HRL

comply with Civil Local Rule 79-5.

Court shall ~~lodge the information in a sealed envelope along with a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of this action, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:~~

~~THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL~~.

~~In the event the Court denies any request to file information under seal, that information, after having been considered by the Court, shall be returned to the party that lodged it.~~

9.4 <u>Use in Court Proceeding Will Not Affect Confidential Status</u>. In the event that any Protected Materials are used in any court proceeding in connection with this litigation, it shall not lose its Confidential and Protected status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

9.5 <u>Subpoenas in Other Actions</u>. In the event any Receiving Party having possession, custody or control of any Protected Materials receives from a third party a subpoena or other process or order to produce such information in another legal proceeding, such Receiving Party shall notify counsel for the Disclosing Party of the subpoena or other process or order, furnish counsel for the Disclosing Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Disclosing Party whose interests may be affected to protect its "PROTECTED INFORMATION." The Disclosing Party or third party asserting that the materials are protected shall have the burden of challenging or otherwise defending against such subpoena, process or order. Until and unless there is an agreement between the parties or a further order of the Court, the party receiving the subpoena or other process or order shall ensure protection of confidentiality. **Nothing in this order should be construed as authorizing or encouraging disobedience of a lawful directive from another court.**

9.6 <u>Exclusion of Individuals from Depositions</u>. Counsel for either party shall have the right to exclude from oral depositions, other than the deponent, the deponent's counsel, the

deposing counsel, the videographer and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated "SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Protected Materials of the party seeking to exclude the person from the deposition.

10. COPIES OF PROTECTED MATERIAL

This Order does not restrict a person who is properly in the possession of Protected Material from: (1) making working copies, abstracts, digests, and analyses of Protected Material for use in connection with this Litigation; or (2) converting or translating Protected Material into machine readable form for incorporation in a data retrieval system used in connection with this litigation. Any such copies, abstracts, digests, analyses, or data compilations have the same level of protection under the terms of this Order as the Protected Material from which they are derived.

11. INADVERTENT FAILURE TO DESIGNATE

If a Producing Party through inadvertence produces Information without labeling or marking or otherwise designating it as Protected Material, the Producing Party may subsequently give written notice that the Information produced is designated Protected Material as defined in Paragraph 2. After a notice is received, all Receiving Parties must treat the designated Information with the noticed level of protection. Disclosure of the Information before the receipt of the notice to persons not authorized to receive the Information is not a violation of this Order. A Receiving Party must, however, use its best efforts to retrieve and re-designate the Information in accordance with the subsequently noticed level of protection.

12. INADVERTENT DISCLOSURE OF PROTECTED MATERIAL

If any Party or non-Party inadvertently discloses Protected Material to any person not authorized under this Order to receive the Protected Material, then the Party that made or is responsible for the inadvertent disclosure must immediately: (1) notify the affected Designating Parties of the inadvertent disclosure and the identity of the person to whom the inadvertent disclosure was made; (2) use its best efforts to retrieve the Protected Material and all copies thereof from the person to whom it was inadvertently disclosed or delivered; and (3) take all steps

necessary to have the person who received the Protected Material execute the Confidentiality Agreement attached hereto as Appendix A. The executed Confidentiality Agreement must promptly be served on the affected Designating Parties.

13. VOLUNTARY WAIVER OF CONFIDENTIAL DESIGNATION

Unless designated as Protected Material by any other Designating Party, any Party or non-party may voluntarily disclose any Information that it has designated as Protected Material.

14. CHALLENGES TO DESIGNATIONS

14.1 Timing. Challenges to designations may be made at any time prior to fifteen (15) days before the hearing date set for November 20, 2009, or any other date for the hearing so designated by the Court.

14.2 Initial Procedure. All challenges to the designation of Protected Material must first be made informally in writing by letter or other document identifying the material challenged. Within five (5) court days of such a challenge, the Designating Party must state the basis for such designation in writing, or forever waive the protections of this Order with respect to the challenged information. The Parties then must attempt to resolve such challenges in good faith on an informal basis within five (5) court days after the objecting Party has received notice of the basis for the asserted designation.

14.3 Motion Procedure. If a dispute over designation cannot be resolved informally, the Party or non-party challenging the designation may file an appropriate motion in this Court. The Party or non-party making the designation bears the burden of demonstrating that the disputed confidential designation(s) is/are legally warranted.

14.4 Treatment of Information While Challenges Are Pending. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons must treat the information or materials in question as protected under its originally designation as Protected material.

15. RIGHT TO ASSERT OTHER OBJECTIONS

Nothing in this Order waives any right to assert any objection to discovery based on relevance, burden, privilege, or other grounds.

16. <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

   16.1   If a Party inadvertently produces Information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that Information will not be presumed to constitute the waiver of any applicable privileges or other protection. Fed. Evid. R. 502 (b). In these circumstances, the Producing Party must immediately notify all Parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected Information. Within five (5) days of receiving such notification, all Receiving Parties must return or confirm destruction of all such materials, including any summaries thereof. The return or confirmation of destruction will not preclude any Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production and will not constitute an admission by any Receiving Party that the materials were, in fact, privileged or otherwise protected in any way.

17. <u>CONCLUSION OF LITIGATION</u>

   17.1   <u>Conclusion of Litigation</u>. The conclusion of this action is defined as 30 days after the expiration of the time to appeal or challenge any final judgment, settlement, or consent decree.

   17.2   <u>Continuing Effect of this Order</u>. **For a period of six months after the conclusion of this action, the** Court reserves jurisdiction to enforce this Order. Following the conclusion of the litigation, the terms of this Order will continue to bind the Parties and all persons who have signed the Confidentiality Agreement.

   17.3   <u>Treatment of Protected Material at Conclusion of Litigation</u>. Upon conclusion of this action, a party who received Protected Material in the context of this action must assemble all Protected Material, including all copies thereof, and must either (a) return the Protected Material to the Producing Party, or (b) if requested by the Producing Party and Designating Parties, destroy the Protected Material and provide an appropriate certification of destruction to the Producing Party. The attorneys of record for each Party will be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, and work product necessary to comply with California statutes or Rules of Court for archival purposes.

- 10 -
PROTECTIVE ORDER
C 09-03602 HRL

18. **MISCELLANEOUS**

    18.1    In the event that any person, Party, or non-party having possession, custody or control of Protected Material receives a subpoena, order or other process to produce the Protected Material, the recipient of the subpoena, order or other process must immediately notify the Producing Party of the pendency of the subpoena, order or other process and provide a copy of it to the Producing Party, and must not produce the Protected Material until the Producing Party has had a reasonable time to object or take other appropriate steps to protect the confidentiality of the Protected Material. **Nothing in this order should be construed as authorizing or encouraging disobedience of a lawful directive from another court.**

    18.2    Entry of this Protective Order will not prevent any Party from seeking further Court orders concerning the production or use of discovery materials.

    18.3    When notice is required to be given pursuant to any provisions of this Protective Order to any Party or non-party, the notice must be in writing and given to counsel of record for the Party or non-party. Notice is complete upon receipt and not upon sending. Notice may be by facsimile.

    18.4    All witnesses or other person, firms or entities from which discovery is sought must be informed of this Protective Order, must be provided a copy of the Order, and must be informed that they may obtain the protection of this Order. The notice and a copy of the Order must be provided at the time any subpoena is served and at the time of any deposition or similar proceeding.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff | |
| 2 | Herbert J. Martin and counsel for Defendant D-Wave. | |
| 3 | DATED: ~~September~~ October 7, 2009 | HENRY G. WYKOWSKI & ASSOCIATES |
| 4 | | |
| 5 | | By: /s/ Henry G. Wykowski |
| 6 | | Henry G. Wykowski, Esq.<br>Counsel for Plaintiff Herbert J. Martin |
| 7 | DATED: September ___, 2009 | MCKENNA LONG & ALDRIDGE LLP |

- 12 -
PROTECTIVE ORDER

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff Herbert J. Martin and counsel for Defendant D-Wave.

DATED: October 7, 2009            HENRY G. WYKOWSKI & ASSOCIATES


By: _____
Henry G. Wykowski, Esq.
Counsel for Plaintiff Herbert J. Martin

DATED: October 7, 2009            MCKENNA LONG & ALDRIDGE LLP


By: _____
James S. McNeill, Esq.
Megan M. Duma, Esq.
Attorneys for Defendant D-Wave

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION

## COVERED BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. C 09-03602 RMW (HRL) by the United States District Court for the Northern District of California—San Jose Division (hereinafter, "the Protective Order")).

1. I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

2. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3. If I receive documents or information designated as "SUBJECT TO PROTECTIVE ORDER" and/or "ATTORNEY'S EYES ONLY" (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to me pursuant to the terms and restrictions of the Protective Order

4. I agree to hold in confidence and not further disclose or sue for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

5. I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California—San Jose Division for resolution of any matters pertaining to the Protective Order.

My address is:_____

_____

My present employer is_____

Dated:_____    Signed:_____

## ORDER

~~Based upon the Stipulation of the parties and good cause appearing therefore, the Protective Order is hereby granted.~~  Pursuant to stipulation (as modified by the court),

**IT IS SO ORDERED.**

DATED: ~~September~~ October 15, 2009

_____
Hon. ~~Ronald M. Whyte~~
Howard R. Lloyd
United States Magistrate Judge