**E-FILED on** 12/1/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERBERT J. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D-WAVE SYSTEMS INC. dba D-WAVE SYSTEMS INTERNATIONAL, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. C-09-03602 RMW<br><br><br>ORDER DENYING MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL<br><br>**[Re Docket No. 10]** |

Defendant D-Wave Systems Inc., doing business as D-Wave Systems International, Inc. ("D-Wave") moves to disqualify plaintiff Herbert J. Martin ("Martin")'s attorney, Henry G. Wykowski ("Wykowski"), claiming a conflict of interest based on Wykowski's alleged former representation of D-Wave. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Martin served as CEO of D-Wave from March 2006 until November 2008. Declaration of Dr. Geordie Rose ("Rose Decl.") ¶ 12. D-Wave is a research and development company developing high-performance computer systems. *Id.* at. ¶ 5. On May 19, 2009, Martin filed a complaint against D-Wave, alleging age discrimination, breach of employment contract, misrepresentation to induce employment, breach of fiduciary duty, and violation of California Labor Code Section 970.

During his tenure as CEO of D-Wave, Martin met with Wykowski on a number of occasions. Declaration of Henry G. Wykowski ("Wykowski Decl.") ¶ 3. Wykowski never prepared a retainer agreement for D-Wave, and he has never billed D-Wave for any legal work. *Id.* at ¶ 5. However, Martin billed D-Wave for food and beverage expenses incurred during his meetings with Wykowski. Exhibits 1-5 attached to Rose Decl. In expense reports, he described the meetings as involving discussions of IP issues, licensing issues, patent issues, and corporate issues, and he referred to some meetings as a "Business Lunch" or a "Business Dinner." *Id.*

## II. ANALYSIS

### A. Conflict of Interest based on Successive Representation

The Northern District of California has adopted the Rules of Professional Conduct of the State Bar of California at Civ. L.R. 11-4. Conduct of counsel relating to conflict of interest based on successive representation is governed by Rule 3-310(E) of the Rules of Professional Conduct of the State Bar of California. Rule 3-310(E) provides that an attorney "shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."

### B. Attorney-Client Relationship

D-Wave claims that it was a former client of Wykowski, and that Wykowski obtained material confidential information during its representation of D-Wave. Martin disputes that D-Wave was ever a client of Wykowski. Clearly, if D-Wave was not a former client of Wykowski, there is no conflict of interest and no basis for disqualification. The initial issue to be addressed therefore is whether an attorney-client relationship existed between D-Wave and Wykowski.

"When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established prima facie." *People ex rel Dept. of Corps. v. SpeeDee Oil Change Sys., Inc., et al.*, 20 Cal. 4th 1135, 1148 (1999) (quoting *Perkins v. West Coast Lumber Co.*, 129 Cal. 427, 429 (1900)). The presence or absence of a fee agreement is not dispositive. *Id.* at 1135. Because an attorney-client relationship can exist independent of any fee agreement, *id.*, the fact that Wykowski never prepared a retainer agreement for D-Wave and never billed D-Wave for

any legal work, Wykowski Decl. ¶ 5, does not preclude the possibility that D-Wave was a former client of Wykowski. What is dispositive is whether Wykowski provided D-Wave with legal advice.

It is undisputed that while Martin was acting as CEO of D-Wave, he met with Wykowski on a number of occasions. Wykowski Decl. ¶ 3. The fact that food and beverage expenses for these meetings were billed to D-Wave and that Martin described some of these meetings as a "Business Lunch" or "Business Dinner" show that they had a business purpose and were not wholly social gatherings. Exhibits 1-5 attached to Rose Decl. Because the meeting descriptions include references to Wykowski's status as an attorney, discussion of patent searches, and "Legal Apps," Exhibits 1-5 attached to Rose Decl., it is fair to conclude that Wykowski and Martin discussed legal issues. Indeed, Martin's explanation for why he submitted expense reports for these meetings confirms that the value he obtained for D-Wave in these meeting was based on Wykowski's legal expertise:

> I submitted expense reports to D-Wave for several of these dinners because in my judgment, simply discussing work-related matters *with a lawyer* gave me a different and interesting perspective that I could then apply to my work at the company. . . . ***Mr. Wykowski represents other Silicon Valley entities, so his insight was valuable*** in advancing my goals for D-Wave.

Declaration of Plaintiff Herbert J. Martin ("Martin Decl.") ¶ 20. The fact that legal issues were discussed in the context of a business meeting between a CEO and an attorney is circumstantial evidence that Wykowski provided legal advice to D-Wave. Moreover, as D-Wave points out, though Wykowski provides a laundry list of things he did not do (e.g. going to D-Wave's offices or billing D-Wave for legal work) in his declaration, he does not claim that he never provided legal advice to Martin in his capacity as CEO of D-Wave. Wykowski Decl. The court finds that legal advice may have been rendered, which would create an attorney-client relationship between Wykowski and D-Wave.

### C. Material Confidential Information

For a conflict of interest to arise under Rule 3-310(E), not only must D-Wave be a former client of Wykowski, Wykowski must also have received material confidential information due to his representation of D-Wave. Consequently, "[a]n attorney represents a client - for purposes of a conflict of interest analysis - when the attorney knowingly obtains material confidential information

from the client and renders legal advice or services as a result." *SpeeDee Oil Change*, 20 Cal. 4th at 1148. Assuming for the moment that Wykowski rendered legal advice to D-Wave, the question remains whether he received material confidential information in his meetings with Martin. Though D-Wave need not prove that Wykowski actually received material confidential information, it must at least show that under the circumstances, "confidential information material to the current dispute would normally have been imparted to the attorney." *In re the Marriage of Zimmerman*, 16 Cal. App. 4th 556, 563 (1993).

Wykowski claims that Martin did not communicate any specific confidential company information during these meetings. Wykowski Decl. ¶ 4. Along similar lines, Martin declares that he did not reveal any company secrets to Wykowski. Martin Decl. ¶ 20. Both Martin and Wykowski describe their discussions as merely "touch[ing] on various interesting aspects of what [they] were each working on at the time." *Id.*; Wykowski Decl. ¶ 4. In other words, they depict these discussions as being general in nature and not involving the exchange of any confidential business information. This depiction is consistent with the brief and rather vague meeting descriptions in the expense reports (e.g. "discuss IP issues"). Exhibits 1-5 attached to Rose Decl. As a result, there is no factual basis for finding that material confidential information normally would have been imparted in the type of meetings that Wykowski had with Martin. Wykowski could have merely provided general legal advice about licensing and patent issues faced by high-tech corporations, without receiving any confidential information about D-Wave's specific situation. Therefore, D-Wave has failed to establish that Wykowski likely obtained any confidential information, much less material confidential information, during his meetings with Martin. *See Zimmermann*, 16 Cal. App. 4th at 564-65 (affirming trial court's finding that there was no reasonable basis to infer disclosure of confidential information based on appellant's conclusory declaration).

Because there is no evidence that Wykowski obtained material confidential information in his communications with Martin, his representation of Martin against D-Wave does not create a conflict of interest requiring disqualification.

## III. ORDER

For the foregoing reasons, the court denies the motion to disqualify plaintiff's counsel.

DATED: 11/25/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Henry George Wykowski    hgw@wykowskilaw.com

**Counsel for Defendants:**

James Sullivan McNeill    jmcneill@mckennalong.com
Megan Marie Duma    mduma@mckennalong.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/1/09          CCL
**Chambers of Judge Whyte**