**E-FILED on** 12/1/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HERBERT J. MARTIN,

Plaintiff,

v.

D-WAVE SYSTEMS INC. dba D-WAVE SYSTEMS INTERNATIONAL, INC.; and DOES 1-50, inclusive,

Defendants.

No. C-09-03602 RMW

ORDER DENYING MOTION TO QUASH SERVICE OF SUMMONS FOR LACK OF PERSONAL JURISDICTION

**[Re Docket No. 8]**

Defendant D-Wave Systems Inc., doing business as D-Wave Systems International, Inc. ("D-Wave") moves to quash service of summons for lack of personal jurisdiction. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Martin served as CEO of D-Wave from March 2006 until November 2008. Declaration of Dr. Geordie Rose ("Rose Decl.") ¶ 12. D-Wave is a research and development company developing high-performance computer systems. *Id.* at. ¶ 5. On May 19, 2009, Martin filed a complaint against D-Wave, alleging age discrimination, breach of employment contract, misrepresentation to induce employment, breach of fiduciary duty, and violation of California Labor Code Section 970.



United States District Court
For the Northern District of California

D-Wave was incorporated in Canada, and its principal place of business and headquarters are in Canada. Rose Decl. ¶ 2. D-Wave has the following ties to California: D-Wave maintains a California office. Exhibit A attached to Declaration of Plaintiff Herbert J. Martin ("Martin Decl."). Three of its employees work in California. Rose Decl. at ¶ 9. D-Wave has appointed an agent for service of process in California. Declaration of Tanya J. Rothe ("Rothe Decl.") ¶ 5. D-Wave has a corporate line of credit with a California lender, Martin Decl. ¶ 17, and it owns a machine worth almost half a million dollars in California, *id.* at ¶ 16. D-Wave executives frequently travel to California to conduct company business there. Exhibit C attached to Declaration of Henry G. Wykowski ("Wykowski Decl."). Half of its Board of Director meetings are held in California. Martin Decl. ¶ 15.

Martin was a California resident when he entered into an employment agreement with D-Wave. Exhibit A attached to Complaint ("Employment Agreement") p.1; Martin Decl. ¶ 18. Under the terms of the Employment Agreement, Martin was expected to relocate to Canada and work in D-Wave's Canadian offices. Employment Agreement ¶ 4(f). The Employment Agreement has a choice-of-law clause providing that it is to be construed according to and governed by Canadian law. *Id.* at ¶ 19. D-Wave terminated Martin's employment after he moved back to California. Rose Decl. ¶ 16.

## II. ANALYSIS

"California's 'long-arm' statute extends the jurisdiction of California courts to the outermost boundaries of due process." *Rocklin De Mexico, S.A. v. Superior Court*, 157 Cal. App. 3d 91, 94 (1984); see Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Due process is satisfied when one of the traditional bases for personal jurisdiction has been met. *See Burnham v. Superior Court*, 495 U.S. 605 (1990). Absent one of these traditional bases for personal jurisdiction, due process requires that a defendant have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

United States District Court
For the Northern District of California

**A. Traditional Bases for Personal Jurisdiction**

There are three traditional bases for personal jurisdiction: physical presence, domicile, and consent. *Patterson v. Latimer Levay Jurasek LLC*, 2009 WL 1862427, at *1 (S.D.Cal. 2009). It is undisputed that personal jurisdiction cannot be exercised based on physical presence or domicile in this case. D-Wave was incorporated in Canada, and its principal place of business and headquarters are in Canada. Rose Decl. ¶ 2. Virtually all of its technology, intellectual property, and corporate records are kept in Canada, and the vast majority of its research and development occurs in Canada. *Id.* at ¶¶ 3, 7. 58 out of D-Wave's 61 employees reside in Canada, and all of its executives live and work in Canada. *Id.* at ¶¶ 7, 9. Whether applying the "place of operations" test or the "nerve center" test, the undisputed facts show that D-Wave is domiciled in Canada, not in California. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

The issue that is disputed is whether D-Wave consented to personal jurisdiction by appointing a California agent for service of process. Courts are split over whether appointing an agent for service of process constitutes consent to personal jurisdiction. *See, e.g. Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) (holding that the mere act of registering an agent for service of process does not create consent jurisdiction); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990) (holding that designation of an agent for service of process within the forum state subjects the company to personal jurisdiction). The Ninth Circuit has not yet ruled on the question of whether appointing an agent for service of process within California constitutes consent to personal jurisdiction. *Nutrishare, Inc. v. BioRX, L.L.C.*, 2008 WL 3842946, at *2 (E.D.Cal. 2008). In the absence of controlling Ninth Circuit opinion on this question, California courts have declined to find consent jurisdiction based on mere appointment of a California agent for service of process. *See, e.g., DVI, Inc. v. Superior Court*, 104 Cal. App. 4th 1080, 1095 (2002) (finding no personal jurisdiction even though the defendant company registered to do business in California, maintained a California agent for service of process, and had two officers residing in California); *Gray Line Tours v. Reynolds Electrical & Engineering Co.*, 193 Cal. App. 3d 190, 193-95 (1987) (holding that designation of an agent for service of process and qualification to do business in California alone do not constitute grounds for general jurisdiction).

Martin contends that the court should find consent jurisdiction because not only did D-Wave appoint a California agent for service of process, it has a California office, and its executives frequently travel to and from the state of California. In other words, Martin proposes that the court should find consent jurisdiction whenever a company has: (1) appointed a California agent for service of process, (2) a California office, and (3) frequent executive business travel to the state of California. He cites to no legal precedent as supporting this rule but claims that it would be sound on policy grounds. His policy argument is that defendants like D-Wave should not be rewarded for "tricking" plaintiffs into serving process on their appointed agent for service when plaintiffs could have easily obtained automatic physical presence jurisdiction by serving a corporate executive instead. Since D-Wave has a California office and its executives frequently travel to California, Martin states that it could have tried to serve process at the California office or on one of the visiting company executives. Opposition to Motion to Quash Service of Summons for Lack of Personal Jurisdiction ("Opposition") p.5. However, it is far from clear that the act of serving a visiting corporate executive while he is in California would necessarily establish automatic physical presence jurisdiction over the corporate defendant, *see Burnham*, 495 U.S. at 610 n.1 (noting that corporations have "never fitted comfortably in a jurisdiction regime based primarily upon 'de facto power over the defendant's person'" and declining to opine on whether the traditional physical presence basis is sufficient to find jurisdiction without going into minimum contacts analysis when dealing with a corporate defendant), and Martin fails to cite any cases supporting this proposition.

The court declines to adopt Martin's proposed rule for two reasons. First, this rule lacks legal precedent and would be inconsistent with the California court of appeal's decision in *DVI, Inc.* In *DVI, Inc.*, the defendant company had appointed a California agent for service of process and also had two officers residing in California (which means plaintiffs also could have tried to seek physical presence jurisdiction by serving them). 104 Cal. App. 4th at 1095. Nonetheless, the court found no basis for personal jurisdiction. *Id.* at 1097. Second, creating and applying a novel rule to find that D-Wave "consented" to jurisdiction would be contrary to the basic due process principle of foreseeability: "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 285, 297 (1980)). Because California courts have not found consent jurisdiction based on appointment of an agent for service, D-Wave could not have reasonably anticipated being haled into court in California based on appointment of an agent for service. *See Nutrishare*, 2008 WL 3842946, at *3 (holding that the court could not "haul a nonresident company like defendant across state lines on the fiction that it somehow consented to jurisdiction in California" by appointing an agent for service). Therefore, the court finds no basis for consent jurisdiction.

**B. Minimum Contacts**

Due process requires that defendants have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316. There is general jurisdiction over a defendant where the defendant's contacts with the forum state "are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Absent general jurisdiction, a forum may only exercise specific jurisdiction based on the relationship between a defendant's forum contacts and the plaintiff's claim. *Id.* "Whether dealing with specific or general jurisdiction, the touchstone remains purposeful availment to ensure that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003) (citations omitted). In addition, after finding a basis for specific or general jurisdiction, the court must also find that assertion of general jurisdiction is reasonable. *Id.* at 1077 (citing *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 852-53 (9th Cir. 1993)).

**1. General Jurisdiction**

To find general jurisdiction, D-Wave's contacts with California must be so substantial, continuous, and systematic as to "approximate physical presence." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). "[D]etermining whether a corporate defendant's contacts in a particular case are substantial and continuous turns on the 'economic reality of the defendants'

United States District Court
For the Northern District of California

activities rather than a mechanical checklist.'" *Id.* at 1173 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984)).

D-Wave has the following ties to California: D-Wave maintains a California office. Exhibit A attached to Martin Decl. Three of its employees work in California. Rose Decl. at ¶ 9. D-Wave has appointed an agent for service of process in California. Rothe Decl. ¶ 5. D-Wave has a corporate line of credit with a California lender, Martin Decl. ¶ 17, and it owns a machine worth almost half a million dollars in California, *id.* at ¶ 16. D-Wave executives frequently travel to California to conduct company business there. Exhibit C attached to Wykowski Decl. Half of its Board of Director meetings are held in California. Martin Decl. ¶ 15. D-Wave's contacts with California are far from random, fortuitous, or attenuated; rather, D-Wave purposefully availed itself of the privilege of doing business in California. Combined, the facts listed above establish a substantial, continuous, and systematic presence in California. *See Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-49 (1952) (upholding finding of general jurisdiction where the president of a Phillippines-based corporation maintained an office in the forum state, had bank accounts in the forum state, and held several directors' meetings in the forum state).

Because the court finds that it has general jurisdiction, there is no need to reach the question of whether there is specific jurisdiction in this case.

**2. Reasonableness**

After a court finds general jurisdiction, the next step in the inquiry is evaluating whether the exercise of general jurisdiction in this case is reasonable. *Gator.com*, 341 F.3d at 1080. In making this determination, courts consider the following factors: (1) the extent of the purposeful interjection, (2) the burden on the defendant to defend the suit in the chosen forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in the dispute, (5) the most efficient forum for judicial resolution of the dispute, (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Id.* at 1080-81. The defendant has the burden of presenting a compelling case that exercise of jurisdiction would be unreasonable. *Id.* at 1081.

**United States District Court**
For the Northern District of California

"In the general jurisdiction context, the purposeful interjection standard parallels the question of minimum contacts." *Id.* As discussed above, the court finds that D-Wave has purposefully availed itself of the privilege of doing business in California. This factor thus weighs in favor of finding reasonableness.

Exercising general jurisdiction would not unduly burden D-Wave. D-Wave maintains an office in California and holds half of its Board of Director meetings in California. Exhibit A attached to Martin Decl.; Martin Decl. ¶ 15. D-Wave executives also already routinely travel to California on company business. Exhibit C attached to Wykowski Decl. Even though many witnesses and documents would need to be brought to California, this inconvenience does not create a compelling case for finding unreasonableness. As discussed in the court's order denying the motion to dismiss for forum non conveniens, D-Wave has failed to show how the inconvenience it faces if forced to litigate in California substantially outweighs the inconvenience that would be imposed upon Martin if he is forced to litigate in Canada instead.

D-Wave's only remaining argument for unreasonableness is that its only contact with Martin involved an employment agreement that required Martin to work in Canada and had a Canadian choice-of-law provision. California's interest in the dispute is weakened by these facts, and Canadian courts may be viewed as a more efficient forum for judicial resolution of the dispute because Canadian law governs the dispute between Martin and D-Wave (as discussed in the court's order granting the motion to dismiss Martin's California law causes of action). Nonetheless, the court finds that D-Wave has failed to meet its burden of presenting a compelling case that exercise of jurisdiction in this case would be unreasonable. D-Wave purposefully availed itself of the privilege of doing business in California through its substantial, continuous, and systematic contacts with California. Due to its many ties with California, D-Wave had fair warning that it could be haled into court in California. Consequently, asserting jurisdiction over D-Wave is reasonable and does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

United States District Court
For the Northern District of California

## III. ORDER

For the foregoing reasons, the court denies the motion to quash service of summons for lack of personal jurisdiction.

DATED: 11/25/09

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Henry George Wykowski hgw@wykowskilaw.com

**Counsel for Defendants:**

James Sullivan McNeill jmcneill@mckennalong.com
Megan Marie Duma mduma@mckennalong.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/1/09

CCL
**Chambers of Judge Whyte**