1

2

3

4                                                    **E-FILED on** ___12/1/09___

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

12   HERBERT J. MARTIN,                    No. C-09-03602 RMW

13              Plaintiff,

14        v.                               ORDER DENYING DEFENDANT'S
                                           MOTION TO DISMISS FOR FORUM NON
15   D-WAVE SYSTEMS INC. dba D-WAVE        CONVENIENS AND GRANTING
     SYSTEMS INTERNATIONAL, INC.; and      DEFENDANT'S MOTION TO DISMISS
16   DOES 1-50, inclusive,                 CALIFORNIA LAW CLAIMS FOR
                                           FAILURE TO STATE A CLAIM
17              Defendants.                **[Re Docket No. 9]**

18

19

20        Defendant D-Wave Systems Inc., doing business as D-Wave Systems International, Inc. ("D-

21   Wave") moves to dismiss plaintiff Herbert J. Martin ("Martin")'s suit for forum non conveniens, and

22   in the alternative, moves to dismiss Martin's California law causes of action for failure to state a

23   claim upon which relief can be granted.  For the reasons set forth below, the court denies the motion

24   to dismiss for forum non conveniens and grants the motion to dismiss the California law causes of

25   action for failure to state a claim.

26

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

# I. BACKGROUND

Martin was a California resident when he entered into an employment agreement with D-Wave.  Exhibit A attached to Complaint ("Employment Agreement") p.1; Declaration of Plaintiff Herbert J. Martin ("Martin Decl.") ¶ 18.  Under the terms of the Employment Agreement, Martin was expected to relocate to Canada and work in D-Wave's Canadian offices.  Employment Agreement ¶ 4(f).  The Employment Agreement has a choice-of-law clause providing that it is to be construed according to and governed by Canadian law.  *Id.* at ¶ 19.  Martin served as CEO of D-Wave from March 2006 until November 2008.  Declaration of Dr. Geordie Rose ("Rose Decl.") ¶ 12.  D-Wave terminated Martin's employment after he moved back to California.  Rose Decl. ¶ 16.  On May 19, 2009, Martin filed a complaint against D-Wave, alleging age discrimination under the Fair Employment and Housing Act ("FEHA"), breach of employment contract, misrepresentation to induce employment, breach of fiduciary duty, and violation of California Labor Code Section 970.

# II. ANALYSIS

## A.      Forum Non Conveniens

To prevail in a motion to dismiss on the basis of forum non conveniens, the moving party must show: (1) there is an adequate alternative forum, and (2) the balance of private and public interest factors favor dismissal.  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007).  Because forum non conveniens is "an exceptional tool to be employed sparingly," *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), in weighing the public and private interest factors, the test is whether defendants have "made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent," *id.* (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983)).

### 1.      Adequate Alternative Forum

When the defendant is amenable to process in another jurisdiction, this generally satisfies the requirement of an adequate alternative forum.  *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991).  D-Wave has agreed to submit to litigating this dispute in Canada.  Motion to Dismiss for Forum Non Conveniens and Failure to State a Claim ("MTD") p.

**United States District Court**
For the Northern District of California

3.  Martin argues that Canada does not provide an adequate alternative forum because his claims would be time-barred there.  Though the British Columbia Human Rights Code ordinarily requires a complaint for discrimination to be filed within six months of the alleged wrongdoing (which would bar Martin's claims), it permits accepting a complaint filed after this time period if it is determined that: "(a) it is in the public interest to accept the complaint, and (b) no substantial prejudice will result to any person because of the delay."  British Columbia Human Rights Code, RSBC Chpt. 210 ¶ 22.  As part of its agreement to submit to Martin's claims being brought in Canada, D-Wave has agreed not to claim prejudice for purposes of arguing that the claims are time-barred.  Because D-Wave has agreed to waive its objections to having the claim heard in Canada, Martin's claims are not absolutely time-barred and may be heard in Canada.

Other than his concern that his claims may be time-barred, Martin has not raised any other objections in his opposition to Canadian courts as an adequate alternative forum. Because this dispute may be heard in Canadian courts and the remedy that would be provided by Canadian courts is not "so clearly inadequate or unsatisfactory that it is no remedy at all," Canadian courts provide an adequate alternative forum. *Lockman Foundation*, 930 F.2d at 768.

### 2.    Private Interest Factors

In evaluating the private interests at stake, courts consider the following factors: (1) the residence of the parties and witnesses, (2) the forum's convenience to the litigants, (3) access to physical evidence and other sources of proof, (4) whether unwilling witnesses can be compelled to testify, (5) the cost of bringing witnesses to trial, (6) the enforceability of the judgment, and (7) any practical problems or other factors that contribute to an efficient resolution. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1164,1180 (9th Cir. 2006).

With respect to the first factor, Martin and D-Wave disagree as to where the majority of significant witnesses reside.  D-Wave claims that a majority of the witnesses are located in Canada. Rose Decl. ¶ 13.  Martin claims that numerous significant witnesses are located in California. Martin Decl. ¶ 12.  Even accepting D-Wave's contention that only twelve of the witnesses identified by Martin are relevant to the case, D-Wave only points to eleven witnesses in Canada who are likely to be significant potential witnesses.  Reply of Defendant D-Wave Systems, Inc. to Opposition to

United States District Court
For the Northern District of California

Motion to Dismiss for Forum Non Conveniens ("Reply") p. 4-5.  Given the rough parity in the number of likely witnesses residing in either location, this factor fails to show that maintaining the action in California would cause great "oppression and vexation" to D-Wave that is completely out of proportion to Martin's "slight or nonexistent" inconvenience.  *Ravelo Monegro*, 211 F.3d at 514. For the same reason, the fifth factor, the cost of bringing witnesses to trial, does not strongly favor litigating this case in Canada.

As for the forum's convenience to the litigants, Martin contends that it would be a major financial burden to litigate in Canada.  Martin Decl. ¶ 11.  He has no plans to travel to British Columbia and would have to incur the cost of travel and lodging in British Columbia if forced to litigate there.  *Id.*  He also points to the following evidence that California would not be an inconvenient forum for D-Wave: (1) half of D-Wave's board meetings are held in California, Exhibit B attached to Declaration of Henry G. Wykowski ("Wykowski Decl."); (2) D-Wave's executives routinely travel to California on company business, Exhibit C attached to Wykowski Decl.; and (3) D-Wave maintains a California office, Exhibit A attached to Martin Decl.  Though D-Wave takes issue with Martin's portrayal of himself as an individual of modest means, it does not dispute Martin's contention that D-Wave would not be unduly burdened if it had to litigate in California instead of in Canada.  Thus, this factor weighs in favor of hearing this case in California.

The remaining factors addressed by the parties provide reason to hear this dispute in Canada. All of the physical evidence is located in Canada.  MTD p. 5; Rose Decl. ¶ 3.  Canada has a subpoena process allowing parties to compel witnesses.  British Columbia's Supreme Court Rules, Evidence Procedure and Trial Rule 42.

On balance, D-Wave has failed to clearly establish that the inconvenience it faces litigating this case in California are substantially greater than the convenience to Martin of having this case heard in California.  The private interest factors therefore weigh in favor of maintaining this action in California.

### 2.      Public Interest Factors

Courts consider the following public interest factors: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4)

1  congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum.

2  *Tuazon*, 433 F.3d at 1181.  The dispositive factors in this case are the first two of these factors.

3        D-Wave claims that California's interest in the lawsuit is slight since this action involves an

4  employment dispute between a Canadian company and one of its employees who worked in Canada.

5  MTD p. 5.  Martin argues that California has a strong interest in this action because California has a

6  public policy of combating employment discrimination.  Opposition p. 13.  It is undisputed that

7  California has an interest in combating employment discrimination in California.  The issue is

8  whether California has a strong interest in combating employment discrimination when the alleged

9  discrimination arose out of an employment agreement that requires a California resident to move to

10  Canada to work for a Canadian company.  Employment Agreement ¶ 4(f).  Even taking into account

11  the short period of time that Martin worked from California, the majority of his employment

12  occurred in Canada, not in California.  Rose Decl. ¶ 12, 15.  Consequently, California does not have

13  a particularly strong interest in this case.

14        With respect to the court's familiarity with the governing law, the court finds that Canadian

15  law governs this dispute, as discussed more fully below.  This factor weighs in favor of having the

16  parties litigate in Canada rather than in California since Canadian courts would be far more familiar

17  with applying Canadian law than a district court in California would be.

18        Though the public interest factors weigh in favor of having this case heard in Canada, the

19  private interest factors weigh in favor of maintaining this action in California.  The Ninth Circuit has

20  held that "while a U.S. citizen has no absolute right to sue in a U.S. court, great deference is due

21  plaintiffs" who seek to bring a claim in their home forum.  *Contact Lumber Co. v. P.T. Moges*

22  *Shipping Co. Ltd.*, 918 F.2d 1446, 1449 (9th Cir. 1990).  In light of this deference to U.S. plaintiffs

23  seeking to maintain a case in a U.S. court and the fact that the moving party bears the burden of

24  proof, *Sinochem*, 549 U.S. at 430, the court finds that Martin has failed to establish that the balance

25  of private and public factors favor dismissal.  Thus, the court denies Martin's motion to dismiss for

26  forum non conveniens.

27

28

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS AND GRANTING DEFENDANT'S
MOTION TO DISMISS CALIFORNIA LAW CLAIMS FOR FAILURE TO STATE A CLAIM—No. C-09-03602 RMW
CCL

United States District Court
For the Northern District of California

**B.    Failure to State a Claim**

D-Wave moves to dismiss various causes of action pled under California law for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). D-Wave contends that Martin's California law claims fail because Canadian law governs this dispute as set forth in the choice-of-law provision in the Employment Agreement. D-Wave also claims that even assuming California law were to apply, FEHA is not applicable to the facts of this case, and moreover that Martin failed to adequately plead a claim under FEHA.

To address D-Wave's first argument for dismissing Martin's California claims, the court must first address whether Canadian law or California law applies in this case. The choice-of-law provision in the Employment Agreement between Martin and D-Wave states, "This Agreement will be construed in accordance with and governed by the laws of British Columbia and the laws of Canada applicable in British Columbia." Employment Agreement ¶ 19.

In diversity cases, federal courts must apply the choice-of-law rules of the forum state. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1062 (9th Cir. 2005). To determine the enforceability of "contractual choice-of-law provisions, California courts shall apply the principles set forth in Restatement section 187, which reflects a strong policy favoring enforcement of such provisions." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992). Restatement (Second) of Conflicts of Law § 187(2) provides in part:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Therefore, the Employment Agreement's choice-of-law provision determines the governing law unless: (1) British Columbia has no substantial relationship to the contracting parties, and no reasonable basis for selecting the laws of British Columbia and Canada exists; or (2) application of the laws of British Columbia and Canada would contradict a fundamental policy of the State of California, and California has a materially greater interest in the matter. D-Wave, as the party

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS AND GRANTING DEFENDANT'S MOTION TO DISMISS CALIFORNIA LAW CLAIMS FOR FAILURE TO STATE A CLAIM—No. C-09-03602 RMW
CCL                                                                        6

United States District Court
For the Northern District of California

1   seeking application of the choice-of-law provision, has the burden of establishing a substantial

2   relationship between British Columbia and the contracting parties. *Guadagno v. E*Trade Bank*, 592

3   F. Supp. 2d 1263, 1269 (C.D.Cal. 2008). The burden then shifts to Martin to show that application

4   of Canadian law would violate a fundamental policy of California and that California has a

5   materially greater interest than Canada in the action. *Id.*

6        In evaluating the first prong of this test, there is a substantial relationship between the chosen

7   state and the contracting parties if one of the parties is domiciled in the chosen state. *Nedlloyd*, 3

8   Cal. 4th at 467. Likewise, if one of the contracting parties resides in the chosen state, the parties

9   have a reasonable basis for selecting the laws of that state. *Id.* It is undisputed that D-Wave is

10  domiciled in British Columbia, Canada. D-Wave was incorporated in Canada, and its principal

11  place of business and headquarters are in British Columbia, Canada. Rose Decl. ¶ 2. Accordingly,

12  British Columbia has a substantial relationship to the contracting parties, and the parties had a

13  reasonable basis for selecting the laws of British Columbia and Canada..

14       The next question is whether application of the laws of British Columbia and Canada would

15  be contrary to a fundamental policy of the State of California. The statutory rights established by

16  FEHA, under which Martin seeks to bring an age discrimination claim, were created for public

17  policy reasons. *Armendariz v. Foundation Health Pyschcare Services, Inc.*, 24 Cal. 4th 83, 100

18  (2000). The goal of FEHA is set forth in California Government Code § 12920, which states in part:

19       It is hereby declared as the public policy of this state that it is necessary to protect and
         safeguard the right and opportunity of all persons to seek, obtain, and hold employment
20       without discrimination or abridgment on account of race, religious creed, color, national
         origin, ancestry, physical disability, mental disability, medical condition, marital status, sex,
21       age, or sexual orientation.

22  Furthermore, the California Supreme Court held in *Armendariz* that limiting statutorily imposed

23  remedies, such as punitive damages and attorney's fees, is contrary to this public policy. 24 Cal. 4th

24  at 104. Similarly, in *Olnick v. BMG Entertainment*, the court found enforcement of a choice-of-law

25  clause that provided for application of New York law instead of California's FEHA not to violate

26  California public policy only after determining that New York law provided an adequate remedy,

27  including permitting recovery of punitive damages and attorney's fees. 138 Cal. App. 4th 1286,

28  1303-05 (2006). In this case, the Canadian remedy for age discrimination claims does not include

1  providing punitive damages and attorney's fees for the prevailing party.  British Columbia Human

2  Rights Code, RSBC Chpt. 210 ¶ 37.  Consequently, application of Canadian law would violate a

3  fundamental policy of California.

4  　　　　Under the second prong of the choice-of-law test, Martin must show not only that application

5  of Canadian law violates California public policy, but also that California has a materially greater

6  interest than British Columbia in this dispute.  *Nedlloyd*, 3 Cal. 4th at 466.  While California has a

7  strong interest in preventing discrimination in the workplace, *Armendariz*, 24 Cal. 4th at 100, British

8  Columbia also has an interest in fighting discrimination in the workplace, as demonstrated by the

9  British Columbia Human Rights Code:

> 10  The purposes of this Code are as follows: (a) to foster a society in British Columbia in which
> there are no impediments to full and free participation in the economic, social, political and
> 11  cultural life of British Columbia; (b) to promote a climate of understanding and mutual
> respect where all are equal in dignity and rights; (c) to prevent discrimination prohibited by
> 12  this Code; (d) to identify and eliminate persistent patterns of inequality associated with
> discrimination prohibited by this Code; (e) to provide a means of redress for those persons
> 13  who are discriminated against contrary to this Code.

14  RSBC Chpt. 210 ¶ 3.  The dispute in this case arises out of an employment relationship which

15  largely took place in British Columbia.  Rose Decl. ¶ 12, 15.  Even taking into account the short

16  period of time that Martin worked from California, the majority of his employment occurred in

17  British Columbia, not in California, and he was working for a Canadian company.  *Id.* at ¶ 2, 12, 15.

18  Therefore, Martin has failed to establish that California has a materially greater interest than British

19  Columbia in this dispute.

20  　　　　As a result, the court finds the choice-of-law provision in the Employment Agreement to be

21  enforceable.  Since Canadian law, not California law, governs this dispute, the court grants D-

22  Wave's motion to dismiss Martin's California law causes of action.  Having dismissed Martin's

23  California law causes of action, the court need not reach D-Wave's other arguments for dismissing

24  Martin's FEHA and California Labor Code Section 970 claims.

25

26

27

28

**United States District Court**
For the Northern District of California

1

### III.  ORDER

2        For the foregoing reasons, the court denies the motion to dismiss for forum non conveniens

3   and grants the motion to dismiss all of plaintiff's California law causes of action for failure to state a

4   claim upon which relief can be granted.

5

6

7

8   DATED:       11/25/09                              *Ronald M Whyte*

9                                                      RONALD M. WHYTE
                                                       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Henry George Wykowski       hgw@wykowskilaw.com

4  **Counsel for Defendants:**

5  James Sullivan McNeill       jmcneill@mckennalong.com
   Megan Marie Duma            mduma@mckennalong.com
6

7  Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.
8

9

10

11 **Dated:** _____12/1/09_____          _____CCL_____
                                              **Chambers of Judge Whyte**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS AND GRANTING DEFENDANT'S
MOTION TO DISMISS CALIFORNIA LAW CLAIMS FOR FAILURE TO STATE A CLAIM—No. C-09-03602 RMW
CCL                                          10