**United States District Court**
For the Northern District of California

**E-FILED on** 2/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERBERT J. MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>D-WAVE SYSTEMS INC. dba D-WAVE SYSTEMS INTERNATIONAL, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | No. C-09-03602 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COUNTERCLAIM<br><br>**[Re Docket No. 53]** |

Defendant D-Wave Systems Inc., doing business as D-Wave Systems International, Inc. ("D-Wave") moves to dismiss plaintiff Herbert J. Martin ("Martin")'s counterclaim for age discrimination under the British Columbia Human Rights Code and also moves for sanctions under Federal Rule of Civil Procedure 11. For the reasons set forth below, the court grants the motion to dismiss plaintiff's counterclaim and denies the motion for sanctions.

## I. BACKGROUND

On May 19, 2009, Martin filed a complaint against D-Wave, alleging age discrimination under the Fair Employment and Housing Act ("FEHA"), breach of employment contract, misrepresentation to induce employment, breach of fiduciary duty, and violation of California Labor Code Section 970. On December 1, 2009, the court issued an order finding that Canadian law, not

California law, governs the dispute in this action and dismissing plaintiff's California law claims. On December 23, 2009, Martin filed a counterclaim against D-Wave, alleging age discrimination under the British Columbia's Human Rights Code. D-Wave now moves to dismiss this counterclaim and for sanctions.

## II. ANALYSIS

### A. Age Discrimination Counterclaim

Martin's counterclaim alleges age discrimination under Chapter 210 Section 13 of the British Columbia Human Rights Code. D-Wave contends that plaintiff fails to state a claim under Canadian law because alleged violations of the British Columbia Human Rights Code can only be heard by the Human Rights Tribunal, and there is no independent civil cause of action arising from a breach of the British Columbia Human Rights Code. *See Seneca College v. Bhadauria*, [1981] 2 S.C.R. 181, 195 (holding that "not only does the [Ontario Human Rights] Code foreclose any civil action based directly upon a breach thereof but it also excludes any common law action based on an invocation of the public policy expressed in the code" because the Code is comprehensive and "has laid out the procedures for vindication of that public policy"); *see also Moore v. HMTQ in Right of the Province of British Columbia*, Case No. CA006286 p. 6 ("[t]he appellant must pursue those claims [for violation of the British Columbia Human Rights Code] under the procedure provided in the [Human Rights] Act, which forecloses any civil action based directly upon a breach thereof, and also excludes any common law action based on invocation of a public policy expressed in the Act"). Martin concedes that he would not have a cause of action in a Canadian court but argues that the requirement of bringing a discrimination case before the Human Rights Tribunal is merely procedural rather than substantive and therefore does not apply.

Under the well-established *Erie* doctrine, "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Sea Hawk Seafoods v. Exxon Corp.*, 484 F.3d 1098, 1100 (9th Cir. 2007) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). Therefore, if the limitation that discrimination cases under the British Columbia Human Rights Code can only be brought before the Human Rights Tribunal is substantive, as D-Wave contends, plaintiff has failed to state a claim upon which relief can be granted. On the other hand, if

this limitation is merely procedural, as plaintiff contends, the court would not be barred from hearing this claim.

The requirement that a claim must be brought before a specified tribunal or other entity is substantive law. *See Feinstein v. Mass. Gen. Hosp.*, 643 F.2d 880, 885 n.7 (1st Cir. 1981) ("every court that has considered the question has concluded that the *Erie* doctrine requires a federal court sitting in diversity to apply a state statute requiring referral of a medical malpractice action to a state-created arbitration panel or hearing tribunal"); *see also Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1317 (9th Cir. 1982) (quoting *Feinstein* and agreeing that "by reason of the policies expressed in *Erie*, a federal court requires that a state's rule barring an action from proceeding in its courts must be applied to bar the action from the federal court."). Therefore, the court dismisses plaintiff's age discrimination counterclaim for failure to state a claim upon which relief can be granted.

**B.     Rule 11 Sanctions**

D-Wave also seeks sanctions under Federal Rule of Civil Procedure 11 for Martin's refusal to strike the counterclaim despite the fact that it clearly fails to state a claim upon which relief can be granted. A motion for sanctions under Rule 11 must be served twenty-one days prior to filing the motion with the court, and if the challenged claim is withdrawn within twenty-one days after service, the motion must not be filed. Fed. R. Civ. Proc. 11(c)(2). Martin represented to the court that D-Wave has made no attempt to comply with this twenty-one day service requirement. Opp'n at 3. Therefore, the motion for sanctions is denied.

## III. ORDER

For the foregoing reasons, the court grants the motion to dismiss plaintiff's age discrimination counterclaim and denies the motion for sanctions.

DATED:    2/26/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Henry George Wykowski    hgw@wykowskilaw.com

**Counsel for Defendants:**

James Sullivan McNeill    jmcneill@mckennalong.com
Megan Marie Duma    mduma@mckennalong.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/26/10                                CCL
                                                               **Chambers of Judge Whyte**